UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARK J. ABUNDO,<br><br>　　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>BROKER SOLUTIONS, INC. dba NEW AMERICAN FUNDING, et al.,<br><br>　　　　　　　　　　Defendant(s). | Case No. 2:16-CV-226 JCM (VCF)<br><br>ORDER |

Presently before the court is *pro se* plaintiff Mark Abundo's motion for a temporary restraining order (doc. # 2) and emergency order shortening time. (Doc. #3).

Plaintiff seeks to enjoin the defendant Broker Solutions, Inc. dba New American Funding from proceeding with the HOA foreclosure sale of the property commonly known as 7455 Campbell Ranch Ave., Las Vegas, NV, 89179. ("the property"). Defendant is attempting to initiate the foreclosure sale, which is currently scheduled for February 8, 2016.

A court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. Fed. R. Civ. P. 65. "The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment." *Estes v. Gaston*, no. 2:12-cv-1853-JCM-VCF, 2012 WL 5839490, at *2 (D. Nev. Nov. 16, 2012) (citing *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984)). "Thus, in seeking a temporary restraining order, the movant must demonstrate that the denial of relief will expose him to some significant risk of irreparable

**James C. Mahan**
**U.S. District Judge**

injury." *Id.* (quoting *Associated Gen. Contractors of Cal. v. Coalition of Econ. Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991)).

The Supreme Court has held that courts must consider the following elements in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008). The test is conjunctive, meaning the party seeking the injunction must satisfy each element.

As an initial matter, the court recognizes that the plaintiff has filed the instant motion for temporary restraining order *pro se*. Therefore, plaintiff's motion for temporary restraining order must be construed liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . ."). However, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

Plaintiff's motion for a temporary restraining order provides almost no facts. It appears that plaintiff wishes to prevent his property from being sold at a foreclosure sale. Plaintiff merely states that, based on his complaint, this is a proper instance for the issuance of a temporary restraining order and that he will suffer "irreparable damages," unless the court enjoins defendant from selling his property on February 8, 2016. (Doc. #2).

Plaintiff alleges in his application for a temporary restraining order that the defendant has engaged in "intentional and [reckless] conduct leading to the illegal non-compliant foreclosure and possession of plaintiff's property." (*Id.*). However, plaintiff has failed to allege that he has or is continuing to make payments under the mortgage agreement. Therefore, the court finds that the plaintiff has not demonstrated a likelihood of success on the merits as required under Federal Rule of Civil Procedure 65 to prevent the foreclosure.

Furthermore, plaintiff does not address a single one of the *Winter* factors in his motion, and would fail to satisfy the elements necessary for this court to grant a temporary restraining order.

**James C. Mahan**
**U.S. District Judge**

- 2 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for a temporary restraining order (doc. # 2) and emergency order shortening time (doc. #3) be, and the same hereby is, DENIED.

DATED February 9, 2016.

                                                            UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**